UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BRUNNER, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2449 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for a settlement conference before Magistrate Judge Claire on March 11, 2019.

On January 28, 2019, plaintiff filed a letter with the court requesting that he be allowed to bring a witness to the settlement conference. (ECF No. 33.) Plaintiff's proposed witness is inmate Detrick Walker. Plaintiff is informed that witnesses are not permitted at settlement conferences.

In his January 28, 2019 letter, plaintiff also alleges that Property Officer Cruz stole his legal property to prevent plaintiff from mailing documents to Judge Claire. Plaintiff is housed at California State Prison-Corcoran ("Corcoran").

No defendants are located at Corcoran. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395

U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir.1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The undersigned is concerned that the court may lose jurisdiction if plaintiff does not have access to his legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a witness to attend the March 11, 2019 settlement conference is denied;

2. The Warden of California State Prison-Corcoran is directed to inform the court of the status of plaintiff's access to his legal property within seven days of the date of this order;

3. The Clerk of the Court is directed to serve this order and a copy of plaintiff's January 28, 2019 letter (ECF No. 33) on Supervising Deputy Attorney General Monica Anderson and the Warden of California State Prison-Corcoran, P.O. Box 8800, Corcoran, CA, 93212-8309.

Dated: February 1, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bar2449.ord