| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTOINE DESHAWN BARNES, | No. 2: 18-cv-2449 JAM KJN P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. BRUNNER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that plaintiff's request for injunctive relief, contained in his March 6, 2019 letter, be denied.

This action proceeds on the original complaint filed September 5, 2018 against defendants Brunner, Lopez, Sloan and Castro. Plaintiff alleges that on October 28, 2017, defendants assaulted him at the California Health Care Facility ("CHCF") in Stockton, California.[1]

On February 28, 2019, court records were changed to reflect that plaintiff had been transferred to California State Prison-Sacramento ("CSP-Sac").

////

---

[1] On December 7, 2018, this action was referred to the Post-Screening ADR Project and stayed for 120 days. (ECF No. 20.) On March 11, 2019, a settlement conference was held. This action did not settle. On March 13, 2019, the stay was lifted. (ECF No. 50.)

On February 27, 2019, plaintiff filed a letter with the court stating that his life was in danger following his transfer to CSP-Sac. (ECF No. 42.) Plaintiff alleged that his life had been threatened by "all green wall and white supremacist officers." Plaintiff also alleged that he was in danger from corrupt gang officers. Plaintiff requested that the court order his transfer to Santa Rita County Jail in Dublin, California for protective custody.

On March 1, 2019, the undersigned issued an order addressing plaintiff's February 27, 2019 letter. (ECF No. 43.) The undersigned observed that plaintiff's letter contained no information regarding specific threats made to plaintiff's life. Plaintiff did not identify any prison officials who allegedly threatened him. Plaintiff also did not specifically describe the threats made to him or when they were made. The undersigned ordered plaintiff to file further briefing in support of his claim that his life was in danger.

On March 6, 2019, plaintiff filed a letter in response to the March 1, 2019 order. (ECF No. 46.) In this letter, plaintiff states that his release date is July 18, 2019. Plaintiff alleges that "white supremacist officers and green wall gang officer C/O Hord, C/O Swift, C/O Brennfleck, C/O Lieber, C/O Magana" are holding his package containing his parole release dress outs.

In the March 6, 2019 letter, plaintiff also alleges that Correctional Officers Lee, Guffee, Brekenridge, Nyberg, Stuhr, Lestmire, Ramirez, Baker "are all in hate crimes," and threatened plaintiff's life by paying inmate Brenner, a white supremacist gang member, to attack plaintiff when plaintiff goes to the group mental health treatment center. Plaintiff alleges that Officers Swift, Stuhr, Nyberg and Hord also paid inmate Garcia to harm plaintiff. Plaintiff also alleges that these officers told plaintiff, "We got something for you if you come out of your cell here at CSP-Sac A Yard 1 Building."

In the March 6, 2019 letter, plaintiff also alleges that the officers listed above are having sexual affairs with many female nurses. Plaintiff alleges that the corrupt officers are paying the female mental health doctors to reduce plaintiff's level of mental health care from "EOP" to "CCMS." Plaintiff alleges that he fears that he will be returned to California State Prison-Corcoran ("Corcoran"), apparently based on the change in his level of mental health care. Plaintiff alleges that while housed at Corcoran, he was physically assaulted by green wall gang

officers, who also stole his personal property in retaliation for plaintiff filing a citizen's complaint.

Plaintiff's March 6, 2019 letter requests that the court order his transfer to the Santa Rita County Jail.[2]

The undersigned construes plaintiff's March 6, 2019 letter to contain a request for injunctive relief. However, no defendants are located at CSP-Sac. Therefore, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

The court has some authority to intervene regarding conduct unrelated to the complaint under the All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." United States v. N.Y. Tel. Co., 434 U.S. 159, 174 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. Clinton v. Goldsmith, 526 U.S. 529, 534 (1999).

Plaintiff's March 6, 2019 letter raises several claims against numerous persons employed at CSP-Sac. Due to the scope of these claims, the undersigned finds that they are better addressed in a separate civil rights action. While the undersigned takes plaintiff's claims seriously, the undersigned recommends that the request for injunctive relief contained in the March 6, 2019 letter be denied because the requested relief is available through a separate civil rights action.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request for injunctive relief, contained in his March 6, 2019 letter (ECF No. 46), be denied.

---

[2] Attached to plaintiff's March 6, 2019 letter are copies of administrative grievances which appear to raise some of the claims raised in plaintiff's March 6, 2019 letter.

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 13, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Barn2449.inj