UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>   Plaintiff,<br><br>v.<br><br>J. BRUNNER, et al.,<br><br>   Defendants. | No. 2:18-cv-2449 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 23, 2019, plaintiff filed a letter with the court. (ECF No. 64.) The undersigned construes this letter to contain a request for injunctive relief. For the reasons stated herein, the undersigned recommends that the request for injunctive relief be denied.

This action proceeds on the original complaint filed September 5, 2018 against defendants Brunner, Lopez, Sloan and Castro. Plaintiff alleges that on October 28, 2017, defendants assaulted him at the California Health Care Facility ("CHCF") in Stockton, California.

In the May 23, 2019 letter, plaintiff alleges that on May 13, 2019, the litigation coordinator at the California Correctional Institution ("CCI") showed him the use of force video regarding the October 28, 2017 incident. Plaintiff alleges that after he viewed the video, Correctional Officers Linear, Vontour, Wiley and Bersinger threatened his life. Plaintiff claims that, at the direction of Officer Bersinger, a female officer in the tower pointed a gun at plaintiff's

| | |
|---|---|
| 1 | face and said, "…if you ever come back to Tehachapi [CCI] you will be killed…" |
| 2 | Plaintiff is now housed at California State Prison-Corcoran ("Corcoran"). In the May 23, |
| 3 | 2019 letter, plaintiff requests that the court issue an order prohibiting Corcoran prison officials |
| 4 | from returning him to CCI. Plaintiff requests that the court order Corcoran prison officials to |
| 5 | transfer plaintiff to San Quentin State Prison. Plaintiff alleges that he is paroling to the Bay Area |
| 6 | on July 18, 2019, and San Quentin is twenty minutes from the Bay Area. |
| 7 | On June 10, 2019, defendants filed an opposition to plaintiff's motion contained in his |
| 8 | May 23, 2019 letter. (ECF No. 65.) In the opposition, defendants state that the Office of the |
| 9 | Attorney General has informed California Department of Corrections and Rehabilitation |
| 10 | ("CDCR") staff of plaintiff's allegations to ensure their awareness of them. (Id. at 2.) |
| 11 | No defendants are located at Corcoran. Therefore, plaintiff seeks injunctive relief against |
| 12 | individuals who are not named as defendants in this action. The court is unable to issue an order |
| 13 | against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. |
| 14 | Hazeltine Research, Inc., 395 U.S. 100, 112 (1969.) |
| 15 | The court has some authority to intervene regarding conduct unrelated to the complaint |
| 16 | under the All Writs Act. That Act gives federal courts the authority to issue "all writs necessary |
| 17 | or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of |
| 18 | law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All |
| 19 | Writs Act in appropriate circumstances against persons who, "though not parties to the original |
| 20 | action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order |
| 21 | or the proper administration of justice." United States v. N.Y. Tel. Co., 434 U.S. 159, 174 |
| 22 | (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." |
| 23 | This language requires that the relief requested is not available through some alternative means. |
| 24 | Clinton v. Goldsmith, 526 U.S. 529, 534 (1999). |
| 25 | Plaintiff does not claim that Corcoran officials actually plan to transfer him back to CCI |
| 26 | before his July 18, 2019 parole date. In other words, plaintiff does not allege that a transfer to |
| 27 | CCI is imminent. For this reason, the undersigned finds that invocation of the All Writs Act is |
| 28 | //// |

not appropriate.  Rather, plaintiff should raise this claim in a separate civil rights action.[1]

In his May 23, 2019 letter, plaintiff claims that Corcoran officials are denying him access to his legal property.  The undersigned has issued a separate order addressing this claim.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief, contained in his May 23, 2019 letter, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 19, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bar2449.inj(2)

---

[1] This court previously denied another motion for injunctive relief by plaintiff on the grounds that plaintiff's claims were better raised in a separate civil rights action.  (See ECF No. 62.)

3