UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES, | No. 2:18-cv-2449 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. BRUNNER, et al., | |
| Defendants. | |

Pending before the court is defendants' May 10, 2019 motion for a protective order. (ECF No. 61.) For the reasons stated herein, defendants' motion is granted.

On May 10, 2019, defendants filed a motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 60.) In the pending motion for protective order, defendants request that all discovery be stayed, except that pertaining to the exhaustion issue.

The court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam). Pursuant to Rule 26(c)(1), the court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. Little v. City of Seattle, 863 F.2d 681, 685

(9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc); see also Gibbs v. Carson, 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and defendants are entitled to judgment on plaintiff's claims against him if the court determines the claims are unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3.

In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69). Plaintiff has not opposed defendants' motion to stay. Accordingly, in the absence of any actual prejudice to plaintiff and good cause having been shown, defendants' motion to stay all merits-related discovery pending resolution of their exhaustion motion shall be granted. Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a protective order (ECF No. 61) is granted;

2. All merits-related discovery is stayed pending resolution of defendants' summary judgment motion.

Dated: June 19, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Barn2559.po

2