UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>  Plaintiff,<br><br>  v.<br><br>J. BRUNNER, et al.,<br><br>  Defendants. | No. 2: 18-cv-2449 JAM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 10, 2019, defendants filed a summary judgment motion on the grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 60.) Plaintiff did not file an opposition.

On May 23, 2019, plaintiff filed a letter with the court stating, in part, that he did not have access to his legal property. (ECF No. 64.) On June 19, 2019, the undersigned granted plaintiff fourteen days to inform the court whether he had access to his legal property. (ECF No. 67.) If plaintiff had access to his legal property, the undersigned ordered plaintiff to file his opposition to defendants' summary judgment motion within that time. (Id.)

////

////

////

1

Fourteen days passed from June 19, 2019, and plaintiff did not file a response to the June 19, 2019 order. On July 8, 2019, plaintiff filed a pleading requesting that the court watch video footage in support of his claims. (ECF No. 69.) This pleading does not address the issues raised in defendants' summary judgment motion, i.e., whether plaintiff exhausted administrative remedies. Accordingly, the undersigned finds that plaintiff has failed to oppose defendants' summary judgment motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id. On October 3, 2018 and May 10, 2019, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id. In the order filed October 3, 2018, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days from the date of this order, plaintiff shall file an opposition, if any, to the motion for summary judgment. Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules

////

////

and a court order. Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated: August 1, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Barn2449.nop

3